0750

Judy McNair COOPER, Appellant v. Charles COOPER, Respondent.

(346 S. E. (2d) 326)

Court of Appeals

*H. T. Abbott, III,* Conway, *for appellant.*

*Larry B. Hyman, Jr.,* Conway, *for respondent.*

Heard May 27, 1986.

Decided July 7, 1986.

GOOLSBY, Judge:

Judy McNair Cooper appeals from the order of the family court. She charges the trial judge abused his discretion in dividing the marital property between her and her husband Charles Cooper. The wife's specific complaints center on the evaluation placed by the trial judge on the land upon which the marital home is located, the amount awarded her as her equitable interest in the marital home, and the requirement that she be solely responsible for making the monthly payments due on the automobile that the trial judge awarded her in dividing the parties' personal property.

We affirm as modified.

1. We find no error in the $10,500 value placed by the trial judge on the land upon which the marital home was built. There is evidence to support this finding.

The husband, who satisfactorily demonstrated familiarity with his property and its value, testified that the land was worth $7,500 an acre. The tract in question contains 1.4 acres. Obviously, the trial judge simply believed the husband's testimony and arrived at his conclusion concerning the value of the property by multiplying the acreage involved by the husband's figure. In South Carolina, a property owner is ordinarily competent to offer testimony as to value of his property. *Seaboard Coast Line Railroad v. Harrelson*, 262 S. C. 43, 202 S. E. (2d) 4 (1974); *Rogers v. Rogers*, 280 S. C. 205, 311 S. E. (2d) 743 (Ct. App. 1984).

2. We likewise find no error in the failure of the trial judge to award the wife a one-half interest in the marital home. Although we have jurisdiction in cases of this kind to find facts based on our own view of the preponderance of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985). Determinations regarding the equitable dis-

tribution of marital assets are matters that rest largely within the sound discretion of the family court. *Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984).

Here, the evidence supports the determination made by the trial judge that the husband's material contributions to the acquisition of the marital property somewhat outweighed the wife's during their fifteen-year marriage and thus justified a greater portion thereof being awarded to the husband.

3. We find error, however, in the $10,500 credit given by the trial judge to the husband for the value of the land on which the marital home is located.

Although the evidence shows that the husband acquired the land by gift from his father during the marriage, it also shows, and we so find, that the property lost its nonmarital character and therefore became subject to equitable distribution when the husband, nine years before the parties separated, erected the marital home thereon and thereby used the 1.4-acre tract in support of the marriage. *See McNeill v. McNeill,* 343 S. E. (2d) 626 (S. C. 1986) (in a domestic case, the Supreme Court's scope of review extends to the finding of facts based on its own view of the preponderance of the evidence); *Trimnal v. Trimnal,* 287 S. C. 495, 339 S. E. (2d) 869 (1986) (gift component of an interest in a home acquired by husband prior to marriage viewed as marital property where the gift component commingled with marital property); *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984) (property may lose its nonmarital character when it is utilized by the parties in support of the marriage); *Cooksey v. Cooksey,* 280 S. C. 347, 352, 312 S. E. (2d) 581, 585 (Ct. App. 1984) ("If inherited property, nonmarital at the time of its acquisition, is utilized by the parties in support of the marriage, it is transmuted into marital property"); cf. *Rampey v. Rampey,* 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App., 1985) (family farm viewed as marital property where it was transferred by heirs at law from estate of wife's father to wife and husband jointly and wife and husband constructed marital home thereupon); *In re Marriage of Lee,* 87 Ill. (2d) 64, 58 Ill. Dec. 779, 430 N. E. (2d) 1030 (1981) (where there has been a

contribution of marital property to nonmarital property the entire property is rebuttably presumed to be transmuted to marital property).

Since we have affirmed the trial judge's determination that the husband made a greater contribution to the acquisition of the marital property and thereby became entitled to a larger share thereof upon its distribution and since, as we interpret his order, the trial judge awarded the wife 46 per cent of the value of the marital home after deducting therefrom the value of the land and the $3,000 item discussed below, we therefore award the wife 46 per cent of the $10,500 which the trial judge erroneously allowed the husband as a credit. The wife, then, shall receive the sum of $4,830 in addition to the sum of $15,000 awarded her by the trial judge.

4. We also find error in the $3,000 credit given by the trial judge to the husband for a like amount taken from profits realized by the husband from the sale of nonmarital property and spent by the husband to improve the marital home.

The husband spent $3,000 to enclose the marital home's garage. The $3,000 was part of a $10,700 sum which the husband received when he sold timber off some nonmarital property. After receiving the money from the timber sale, he placed it in an account that he held jointly with his wife. In addition to spending $3,000 to enclose the garage, the husband used what remained of the $10,700 to pay off debts and to purchase appliances and, apparently, other things in support of the marriage. He testified that he and his wife "spen[t] it all."

As in the case of the 1.4-acre tract, and we so find, the $3,000 lost its character as nonmarital property and became marital property when the husband used the money in support of the marriage. *See Hussey v. Hussey, supra: Cooksey v. Cooksey, supra.* Indeed, the $10,700 may have lost its nonmarital character earlier when the husband deposited the money in the joint account. *See Hussey v. Hussey, supra.*

We therefore also award the wife an additional $1,380. This amount is 46 per cent of the $3,000 erroneously allowed the husband as a credit by the trial judge.

5. We find no abuse of discretion in the trial judge's awarding the Monte Carlo automobile to the wife and his requiring her to make each month's car payment. The wife, a real estate agent, originally selected the automobile, negotiated its purchase, and used it in connection with her real estate business. If she chooses, the wife can satisfy the indebtedness owed on the automobile from the funds she is receiving as a result of the court's division of the marital property.

Affirmed as modified.

GARDNER and CURETON, JJ., concur.