1258

Michael A. NOLL, Appellant v. Nealoofar Afkhami NOLL, Respondent.
(375 S. E. (2d) 338)

Court of Appeals

*Patricia O'Neill DeTreville,* Charleston, *for appellant.*

*Stan Jaskiewicz, Jr.,* Charleston, *for respondent.*

Heard Oct. 18, 1988.

Decided Nov. 28, 1988.

CURETON, Judge:

This domestic case involves primarily equitable distribution issues. The parties were married in 1977 and separated in 1986. They have no children. Both are in their early thirties, employed, and in good health. The husband was awarded a divorce because of the wife's adultery. The husband appeals several aspects of the equitable distribution award.

The property of the parties consists of (1) a parcel of land, (2) a business, (3) a pension, and (4) various items of personal property. The family court awarded specific items of personal property to the parties pursuant to their prior agreed division. The court apparently desired to make an even division of the marital property. Since the order, the real property has been sold and one of the cars wrecked. The parties have placed the sale and insurance proceeds in escrow pursuant to court order.

In making an equitable distribution of marital property, the court must (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the identified property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place. *Johnson v. Johnson,* 296 S. C. 289, 372 S. E. (2d) 107 (Ct. App. 1988); *Toler v. Toler,* 292 S. C. 374, 356 S. E. (2d) 429 (Ct. App. 1987).

I.

Husband is employed by the United States Postal Service. He began the employment in April of 1975.

As a postal employee, he has a civil service retirement account to which he makes monthly involuntary contributions. He testified at trial the retirement account was vested in the amount of Thirteen to Fourteen Thousand Dollars.

The court determined the pension was a marital asset and awarded the wife a twenty percent interest totaling Twenty-Eight Hundred Dollars ($2,800).

Husband contends the pension is not marital property because it was not "owned" at the time suit was commenced. We disagree. In this evolving area of domestic law, this Court recently held a vested federal civil service retirement fund was marital property under the Equitable Apportionment Act. *Kneece v. Kneece,* 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988); *see Martin v. Martin,* 296 S. C. 436, 373 S. E. (2d) 706 (Ct. App. 1988). However, the record indicates the husband was employed for two years before the marriage. Thus the portion of the pension attributable to that time period is nonmarital property. Section 20-7-473, Code of Laws of South Carolina, 1976, as amended.

The record is not sufficient to permit this Court to determine the nonmarital component of the pension. This must be determined on remand. The trial court may direct the parties to provide information to the court to assist it in this determination. Husband also excepts to the award of twenty percent of the pension to the wife. The order gives no basis for this determination. On remand, the court will provide a sufficient factual basis for this award pursuant to Family Court Rule 26(a).

## II.

The parties acquired personal property during the marriage including two automobiles. Upon separation, the personal property was divided. Husband presented two lists to the court which identified and valued the personal property held by each spouse. The wife did not seriously contest the values.[1] The court valued the items on the lists at two-thirds (⅔) of the value given by the husband during the trial. The court made separate awards of the automobiles although they were included on the property lists submitted at the hearing.

The husband excepts to the valuation of the personal

---

[1] Wife's only claim was that three Persian carpets in the husband's possession were worth Five Thousand Dollars ($5,000) as opposed to the Two Thousand Dollars ($2,000) value placed on them by the husband.

■ property. No explanation is given for the reduction of the property values by one-third. Nothing in the record supports this conclusion. In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset. *Toler*, 292 S. C. 374, 356 S. E. (2d) 429. We hold the trial court erred in these valuations.

In separately awarding the automobiles, we also hold ■ the court erred by double counting their value. They were included on the property lists as part of the divided personal property. One of the automobiles, a 1984 Mercedes, was awarded to the wife. It was later destroyed in an accident during the pendency of this appeal. Pursuant to court order, the insurance proceeds have been placed in escrow. The record is not clear how much equity is involved.

We are compelled to remand the issue of the personal property valuations to the family court. On remand, the court shall value the personal property according to the values submitted by the parties. We find no error in allowing the parties to retain the property they previously divided. Under the circumstances, the court should clarify the status of the automobiles, and make an appropriate determination concerning the cars and the insurance proceeds.

The husband excepts to the failure of the trial court ■ to require the wife to reimburse him for Two Thousand Dollars ($2,000) removed from their joint checking account. This money was removed by the wife to enable her to take a cruise with her paramour. The record indicates the husband provided the funds in the joint account since the wife placed her earnings in her business account. On remand, the family court should either require the wife to reimburse the husband one-half of the funds or offset that amount against property awarded her.

### III.

The wife is a partner in a beauty salon in Charleston. ■■ At the time of her marriage she was not employed. After the marriage she attended cosmetology school and began working in a beauty salon. In 1982 she opened her own shop. Funds for the business were generated by a second mortgage on the family home. In 1986, she and another individual opened the current business. Again, her husband

assisted in financing and in the physical preparation of the location. An expert witness for the husband estimated the value of the wife's share of the business at Thirty Thousand Dollars. This figure did not include the value of the real estate on which the business is located or fixtures. The wife testified her portion of the value of the real estate and fixtures totalled Ten Thousand Nine Hundred Dollars ($10,900). The court valued the business at Thirty Thousand Dollars ($30,000) and awarded the husband a twenty percent interest in it.

Husband excepts to the valuation and apportionment of the business. We find no error in the percentage apportionment. The record supports the court's conclusion the husband contributed to the establishment of the business by helping the wife obtain funds and he helped to improve the real estate. He was very supportive of her efforts. As to the value of the business, the court was in error in not including the value of the real estate and fixtures. Also, it is not clear if the court considered the Three Thousand Dollars the husband contributed to the downpayment on the real estate from the joint checking account which he funded. On remand, the court shall revalue the business and make a determination as to the proper consideration of the contribution to the downpayment.

The husband hired an expert to value the business. He argues the court erred in failing to require the wife to pay the expert's fee. We find no error. Section 20-3-120 makes the allowance of costs and suit money discretionary with the trial judge. *See Garris v. McDuffie* 288 S. C. 637, 344 S. E. (2d) 186 (Ct. App. 1986).

## IV.

Husband also argues he is entitled to a larger percentage of the marital property specifically the real estate. The court appears to have made a fifty-fifty split of the marital property taking into account the award of specific assets to the parties and the division of proceeds from the sale of the real estate. The court awarded the husband after due computation of the other spouse's interest.

In making an apportionment of the marital estate, the

court must consider the criteria in Section 20-7-472, Code of Laws of South Carolina, 1976, as amended. These criteria are designed to guide the court in exercising its discretion in apportionment of marital property. *Johnson*, \_\_\_\_ S. C. at \_\_\_\_, 372 S. E. (2d) at 112. On review, this Court looks to the fairness of the overall apportionment. *Shambley v. Shambley*, \_\_\_\_ S. C. \_\_\_\_, 373 S. E. (2d) 689 (Ct. App. 1988).

While the husband earned more income during the marriage, the wife made payments on the second mortgage and the Mercedes from her personal income. There is also evidence the parties shared the household duties. The husband argues the court did not consider the wife's fault in the breakup of the marriage. Fault is a factor for the court to consider in an equitable division award although it does not justify a severe penalty. *Rampey v. Rampey*, 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985); *Gibson v. Gibson*, 283 S. C. 318, 322 S. E. (2d) 680 (Ct. App. 1984). The court was aware of the marital misconduct, but it appears pre-existing marital discord may have ameliorated the effect of her adultery. Although we may have made a different division, we cannot say the trial court abused its discretion in making an even division of the marital property. On remand the trial court shall consider the specific points raised in this opinion and make appropriate adjustments. The court shall also consider the status of the capital gains tax and the aunt's loan. The appealed order made no reference to taxes, and the status of the loan must be clarified since the record did not reflect a mortgage on the property.

Affirmed in part, reversed in part, and remanded.[2]

SHAW, J. and BRUCE C. LITTLEJOHN, Acting Judge, concur.

---

[2] Although the parties at oral argument requested this Court to determine these matters without remand we find it necessary to remand for the reasons outlined in this opinion.