643 S.E.2d 697

**Sherrie Lynn ABERCROMBIE, Respondent,**

v.

**Keith ABERCROMBIE, Appellant.**

**No. 4228.**

Court of Appeals of South Carolina.

Heard March 7, 2007.
Decided April 2, 2007.

644

645

Rodney M. Brown, of Fountain Inn, for Appellant.

Jim S. Brooks, of Spartanburg, for Respondent.

HEARN, C.J.:

In this domestic action, Keith Abercrombie (Husband) appeals the family court's (1) valuation and equitable division of marital property, (2) award of alimony to Sherrie Lynn Abercrombie (Wife), and (3) decision to retain a portion of the equitable distribution awarded to Husband to clean hazardous waste materials he left on the marital property. We affirm.

## FACTS

Husband and Wife married in December 1974. The parties separated in 2003, and Wife sought a divorce based on Husband's adultery. The family court granted Wife the divorce based on Husband's infidelity, granted Wife custody of the children, awarded Wife child support, made a fifty-fifty equitable distribution of the marital estate, awarded Wife alimony, and retained a portion of Husband's equitable distribution to clean hazardous waste from the marital property.[1]

---

1. The parties had three children, only one of which was a minor at the time of the divorce. Neither custody nor child support is at issue in this appeal.

After the hearing, the family court found the marital property of the parties consisted of the marital home, a small rental property, a mobile home, forty-six acres of property, a daycare business and accompanying real estate, and the proceeds of a sale of additional rental property. The family court valued the assets as follows: the marital home, mobile home, and forty-six acres at $300,000; the rental property at $20,000; the daycare business and property at $200,000; and the proceeds from the sale of rental property at $31,965.39. The real estate of the parties was found to be encumbered by a mortgage of $418,000. Thus, the total value of the marital estate was found to be $133,965.39. The family court then divided the marital property equally between Husband and Wife with each receiving a distribution equaling $66,982.70.[2]

Wife received the marital real estate and daycare business, along with the $418,000 mortgage. The family court, however, reduced Husband's share of the marital property by $48,453.47, which accounted for an $18,000 child support arrearage and $30,453.47 in delinquent taxes Husband owed Greenville County. After these offsets, Husband's equitable distribution was reduced to $18,529.23, which the family court ordered be placed in escrow to be used for the removal of hazardous waste left on the property by Husband. No post trial motions were filed. This appeal followed.

## STANDARD OF REVIEW

In appeals from the family court, the appellate court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Wooten v. Wooten*, 364 S.C. 532, 615 S.E.2d 98 (2005). In spite of this broad scope of review, we remain mindful that the family court judge saw and heard the witnesses and generally is in a better position to determine credibility. *Id.*

## LAW/ANALYSIS

Husband argues the family court erred in valuing the marital property. Specifically, he argues section 20–7–472 of

---

**2.** Husband was not present at the hearing but was represented by counsel.

the South Carolina Code (Supp.2005) applies to valuation of marital property, and because the family court did not use the fifteen factors to value the property, the court erred in valuing the marital home, forty-six acres, and the daycare. We disagree.

■ Section 20–7–472 provides in part:

In a proceeding for divorce a vinculo matrimonii or separate support and maintenance . . . and in other marital litigation between the parties, the court shall make a final equitable apportionment between the parties of the parties' marital property upon request by either party in the pleadings. *In making apportionment, the court must give weight in such proportion as it finds appropriate to all of the following factors . . . .*

(emphasis added). It is evident from the language of section 20–7–472 itself that the factors apply to the apportionment of marital property not the valuation of the property. Furthermore, in Husband's brief he does not cite any authority for his proposition that this section applies to valuation of marital property.

■ In making an equitable distribution of marital property, the family court must identify real and personal marital property and determine the property's fair market value. *Cannon v. Cannon,* 321 S.C. 44, 48, 467 S.E.2d 132, 134 (Ct.App.1996). "In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset." *Id.* Moreover, in South Carolina, a property owner is competent to offer testimony as to the value of his property. *Cooper v. Cooper,* 289 S.C. 377, 379, 346 S.E.2d 326, 327 (Ct.App.1986). "A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." *Woodward v. Woodward,* 294 S.C. 210, 215, 363 S.E.2d 413, 416 (Ct.App.1987).

■ In this matter, Wife specifically testified, as she was qualified to do as owner of the property, that the marital home and forty-six acres had a value of $300,000, and the daycare had a value of $200,000. While Husband provided other values for the business, the value accepted by the family court

was within the range presented at trial. Accordingly, the family court did not err in valuing the marital property.

 Husband next argues the family court erred in effecting the equitable distribution.[3] He claims his portion of the award should have totaled "at the minimum a distribution in kind or proceeds after a sale of $400,000." Specifically, he contends the family court erred in the division because it improperly valued the marital assets and offset his equitable distribution share by the $18,000 outstanding child support, the $31,965.39 in unpaid taxes, and the $18,529.23 to remove the hazardous waste from the property. However, we note that Husband never raised the issue of the offset of child support, unpaid taxes, or the cleaning fee to the family court by way of a Rule 59(e), SCRCP, motion. Therefore, the issue is not preserved for our review. *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.)

 Lastly, Husband argues the family court erred in awarding Wife alimony. Husband essentially argues there was no factual basis to support an award of alimony. We disagree.

 An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion. *Dearybury v. Dearybury*, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002). "It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded." *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App.2001). The family court is required to consider all relevant factors in determining alimony. *Patel v. Patel*, 347 S.C. 281, 290, 555 S.E.2d 386, 391 (2001); *Epperly v. Epperly*, 312 S.C. 411, 415, 440 S.E.2d 884, 886 (1994).

The record reflects that the family court considered the relevant statutory factors in awarding alimony to Wife. In making the award of alimony to Wife, the family court proper-

---

3. Husband agrees the fifty-fifty split is proper. He merely challenges the impact the offsets had on his portion of the distribution.

ly considered the income levels of the parties, the duration of the marriage, the fault of Husband, the standard of living established during the marriage, and the financial ability of Husband to pay support. At the hearing, Wife specifically testified to Husband's income, his marital misconduct, the length of the marriage, and the standard of living the parties enjoyed during the marriage.[4] Therefore, the family court did not abuse its discretion in awarding alimony to Wife.

## CONCLUSION

Based on the foregoing, the order of the family court is hereby

**AFFIRMED.**

GOOLSBY and STILWELL, JJ., concur.

---

4. Husband presented no evidence to counter Wife's testimony regarding these issues. In fact, Husband failed to even file a financial declaration with the family court as required by the family court rules. Therefore, he cannot now complain that the family court improperly relied on Wife's testimony in awarding alimony. *See, e.g., Hough v. Hough,* 312 S.C. 344, 347, 440 S.E.2d 387, 390 (Ct.App.1994) (stating the appellant has the burden "to show the family court committed reversible error and a party cannot sit back at trial without offering proof, then come to the appellate court complaining of the insufficiency of evidence to support the family court's findings").