THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Deanna L. Burr, Respondent,
 v.
 Wayne Burr, Appellant.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court
 Judge
Unpublished Opinion No.  2008-UP-157
Submitted March 3, 2008  Filed March 12,
 2008  
AFFIRMED

 
 
 
 G. Robin  Alley, of Columbia, for Appellant.
 Stevens Bultman Elliott, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Deeana
 Burr (Wife) filed for divorce from Wayne Burr (Husband).  The family court
 issued an order granting the divorce, apportioning marital property and
 awarding Wife $3,500 in attorneys fees.  We affirm.
FACTS
Husband
 and Wife were married for approximately one year when they separated in 2004. 
 Wife subsequently filed an action for divorce on the grounds of physical
 cruelty.  In her Complaint, Wife alleged the parties equitably divided all
 marital property at the time of separation, with the exception of a Harley
 Davidson motorcycle.  Wife sought a divorce, approval of the division of the
 property, alimony, and attorneys fees.  
The
 family court held a final hearing on March 14, 2006.  Wife testified Husband
 took several items of personal property from the marital home after the
 parties separation.  Wife offered evidence as to the value of the property. 
 Wife also submitted an Affidavit of Attorneys Fees.  Husband did not appear at
 the hearing or offer any testimony.  
The
 family court issued a decree of divorce on April 13, 2006.  In the decree, the
 family court ordered Husband to return the personal property he removed from
 the marital home and valued the personal property at $35,745.  The decree further
 provided if Husband did not return the personal property within ten days he
 must pay $300 per month to Wife until he returned the property or paid for the
 property in full.  In addition, the family court ordered Husband to pay
 Wife $3,500 in attorneys fees.  
Husband
 filed a motion to reconsider the family courts order pursuant to Rule 59(e),
 SCRCP, asking the family court to decrease the value of the personal property
 and extend the time limit for him to return the personal property.  In
 addition, Husband argued the family courts award of attorneys fees was
 excessive in nature.   The family court denied the motion, and this
 appeal followed. 
STANDARD OF REVIEW
An
 appellate court, in its review of an appeal from family court, has jurisdiction
 to find facts in accordance with its own view of the preponderance of the
 evidence.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).  This,
 however, does not require this Court to disregard the findings of the family
 court.  Neither is this Court required to ignore the fact that the family court
 judge, who saw and heard the witnesses, was in a better position to evaluate
 their testimony.  Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 245 (Ct. App. 1999).
LAW
 / ANALYSIS
I.  Return of Personal
 Property
Husband argues the
 family court lacked authority to order him to return the personal property
 because the property was non-marital.  We disagree.
The family court has
 the power to apportion marital property.  See S.C. Code Ann. § 20-7-472
 (Supp. 2007).  Here, the family court did not find the personal property was
 non-marital, but treated the property as though it was marital.  Furthermore, the
 husband failed to raise this issue at trial or in his Rule 59(e), SCRCP,
 motion.  This issue, therefore, is not preserved for review.  See Washington v. Washington, 308 S.C. 549,
 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an
 issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review).
II.  Valuation
 of Personal Property
Husband argues the
 family courts valuation of the personal property was in error.  We disagree.
The family court is
 charged with the duty of identifying real and personal
 marital property and determining the propertys fair market value.  Abercrombie
 v. Abercrombie,  372 S.C. 643, 647, 643 S.E.2d 697, 699 (Ct. App.
 2007).  In the absence of contrary evidence, the court should accept
 the value the parties assign to a marital asset.  Id. Moreover, a
 property owner is competent to offer testimony as to the value of his property.
  Cooper v. Cooper, 289 S.C. 377, 379, 346 S.E.2d 326, 327 (Ct. App.
 1986).  A family court may accept the valuation of one party over another, and
 the courts valuation of marital property will be affirmed if it is within the
 range of evidence presented.  Abercrombie,  372 S.C. at 647, 643
 S.E.2d at 699. 
Here, Wife
 specifically testified and submitted an exhibit as to the value of the personal
 property.  The family courts valuation approximates the value of the property
 Wife presented.  Accordingly, the family court did not err in valuing the
 personal property.  
II.  Attorneys Fees
Husband argues the
 family court erred in awarding Wife $3,500 in attorneys fees.  Specifically,
 Husband argues the family court failed to set forth the factors the court
 considered in awarding attorneys fees.  
Rule
 26(a) of the South Carolina Rules of Family Court requires the family court to
 set forth the specific findings of fact and conclusions of law to support the
 courts decision.  Specifically, the family court should consider: (1) the
 nature, extent, and difficulty of the services rendered; (2) the time
 necessarily devoted to the case; (3) counsels professional standing; (4) the
 contingency of compensation; (5) the beneficial results obtained; and (6) the
 customary legal fees for similar services.  Glasscock v. Glasscock, 304
 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).   When the family court fails to set
 forth findings relating to the award of attorneys fees, however, the appellate
 court may remand the matter or, where the record is sufficient, make its own
 findings of fact in accordance with the preponderance of the evidence. Griffith v. Griffith, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998).  The family courts award of attorneys fees will not be
 overturned absent an abuse of discretion.  Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988).   
 
Here,
 the record is sufficient for this Court to make the required findings of fact concerning
 the award of attorneys fees. Specifically, the record contains Wifes attorney
 fee affidavit.  See Bowers v. Bowers, 349 S.C. 85, 98-99,
 561 S.E.2d 610, 617-18 (Ct. App. 2002) (holding the record was sufficient
 for the appellate court to make sufficient findings of fact where the record
 contained the wifes attorney fee affidavit).  Accordingly, we find no abuse of
 discretion in the award.  
AFFIRMED.
HEARN, C.J., PIEPER, JJ., and GOOLSBY,
 A.J., concur.