**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerome Wagner, Appellant,

v.

Robin Wagner, Respondent.

Appellate Case No. 2011-199646

Appeal From Chester County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2013-UP-120
Heard January 17, 2013 – Filed March 27, 2013

**AFFIRMED AS MODIFIED**

Susan Batten Lipscomb and John Richard Lipscomb, of Lipscomb Law Firm, PA, of Columbia, for Appellant.

Coreen B. Khoury, of Folks, Khoury & DeVenny, LLC, of Lancaster, for Respondent.

**PER CURIAM:** Jerome Wagner (Husband) appeals the family court's order granting the parties a divorce and awarding Robin Wagner (Wife) fifty percent of the marital estate and $31,620.13 in attorney's fees. In addition, Husband appeals the family court's order denying Husband's motion for reconsideration of its order imputing income of $3,000 per month to Husband for purposes of child support.

On appeal, Husband argues the family court erred in (1) its division of marital property, (2) awarding Wife attorney's fees, (3) not awarding Husband "management fees" arising from the sale of certain mobile homes, and (4) imputing income to Husband in the amount of $3,000 per month for purposes of child support. We affirm as modified.

1. As to Husband's argument that the family court erred in dividing the marital estate, we find that evidence supports the majority of the family court's findings. Specifically, of the twenty-one categories of assets challenged by Husband on appeal, we affirm the family court's order with regard to nineteen of the categories. Husband failed to present evidence regarding the majority of the property at issue, and the family court's rulings were supported by evidence presented by Wife. *See Lewis v. Lewis*, 392 S.C. 381, 393, 709 S.E.2d 650, 656 (2011) ("The family court has broad discretion in valuing the marital property. A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (internal quotation marks omitted)); *id.* ("We have stated before, and we reiterate here, that a party cannot sit back at trial without offering proof, then come to this [c]ourt complaining of the insufficiency of the evidence to support the family court's findings." (internal quotation marks omitted)); *Abercrombie v. Abercrombie*, 372 S.C. 643, 647-48, 643 S.E.2d 697, 699 (Ct. App. 2007) (finding that the family court did not err in valuing marital property when the value accepted by the family court was within the range presented at trial); *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 93 (Ct. App. 1986) (holding that the husband, who "ma[de] no effort to cooperate in identifying and valuing his assets and income, cannot now argue the decree is unsupported by the evidence").

We agree with Husband's arguments regarding two of the categories of assets, and find the family court erred in including the sums of $44,000 and $17,346 in Husband's portion of the marital estate. These sums represent amounts owed by Rainbow Enterprises, which is owned by Shawn Griggsby, to Richburg Housing, a company owned and operated by Husband and Wife. The family court included both sums in Husband's portion of the marital estate based on its finding that Husband was in a better position than Wife to collect these debts because of his close personal and professional relationship with Griggsby. However, Wife sued Griggsby as a third-party defendant in Husband and Wife's divorce action, and the family court issued a separate order purportedly resolving all issues between Wife and Griggsby. In the order, which was filed on April 29, 2011, the family court stated that the order resolved all issues between Wife/Richburg Housing and Griggsby and, consequently, separated Griggsby from Husband and Wife's divorce

action.  Because the April 2011 order purportedly resolved all issues between Wife/Richburg Housing and Griggsby, we hold the family court erred in including amounts allegedly owed by Griggsby to Richburg Housing in the marital estate and, specifically, in Husband's portion of the marital estate.  Accordingly, we modify the family court's order to increase the amount owed by Wife to Husband by $30,673.  Alternatively, Wife may transfer to Husband the same value in "financed deals" identified on page fifteen of the family court's final divorce decree.

2.  As to Husband's argument that the family court erred in awarding Wife $31,620.13 in attorney's fees and costs, we find the record supports the family court's ruling.

In determining whether an attorney's fee should be awarded, the family court should consider the following factors:  "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fee on each party's standard of living."  *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  Whether an attorney's fee is reasonable is to be determined by: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services." *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

Wife's counsel obtained a successful result for Wife.  Despite Husband's arguments to the contrary, the family court found that the vast majority of the property at issue was marital property and awarded Wife fifty percent of such property.  In addition, the family court awarded Wife child support and imputed income to Husband in excess of what he claimed he was able to earn.  Because each party received approximately $900,000 in assets as the result of the divorce, each party's ability to pay the fees is roughly equal; however, the family court appropriately considered that Husband's "conduct and contemptuous behavior" caused Wife to incur additional attorney's fees.  *See Spreeuw v. Barker*, 385 S.C. 45, 72-73, 682 S.E.2d 843, 857 (Ct. App. 2009) (affirming an award of attorney's fees to wife based, in large part, on husband's uncooperative conduct that "greatly contributed to the litigation costs associated with [the] action").

3.  As to whether the family court erred in not awarding Husband "management fees" that he earned from the sales of various mobile homes, we find the evidence supported the family court's decision to decline to award Husband such fees.

First, it appears as though the creation of the management fees was primarily as an accounting device designed to reduce the income generated from the sales of mobile homes and not to compensate Husband for those sales. Further, based on testimony by Husband and Wife's accountant, to the extent Husband and Wife intended to pay themselves those fees at some point in the future, Wife was also entitled to the funds. Finally, Husband presented no evidence at trial of the amount of management fees for 2008 and 2009 and no evidence beyond his own unsubstantiated testimony that he was owed $131,000 in management fees for 2007. Based on the above evidence, we find the family court did not err in declining to award Husband "management fees," despite Husband's claim that he was entitled to such fees. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]e recognize the superior position of the family court judge in making credibility determinations.").

4. As to whether the family court erred in imputing $3,000 in income to Husband for purposes of child support, we affirm.

The family court has the discretion to impute income to a party with respect to awards of alimony or child support. *Sanderson v. Sanderson*, 391 S.C. 249, 255, 705 S.E.2d 65, 68 (Ct. App. 2010). If the obligor spouse has the ability to earn more income than he is earning, the family court may impute income according to what he could earn by using his best efforts to gain employment equal to his capabilities. *See Dixon v. Dixon*, 334 S.C. 222, 240, 512 S.E.2d 539, 548 (Ct. App. 1999) (citing 24A Am. Jur. 2d *Divorce & Separation* § 781 (1998)); *see also Patel v. Patel*, 359 S.C. 515, 532, 599 S.E.2d 114, 123 (2004) (stating imputing income to a party who is voluntarily unemployed or underemployed is appropriate when determining child support obligations). An award of alimony based on such imputation may be a proper exercise of discretion even if it exhausts the obligor spouse's actual income. *See Dixon*, 334 S.C. at 240, 512 S.E.2d at 548.

Husband contends the family court erred in imputing him income of $3,000 per month because he is currently incapable of earning more than $300 per week. Husband bases this contention on the current state of the economy and the effects of the equitable distribution award, which he argues removed his ability to earn money with his former businesses. We find the evidence supports the family court's decision to impute Husband income of $3,000 per month.

At the time of the divorce hearing, Husband was earning $300 per week by helping his friend and business partner, Shawn Griggsby, who was ill. The evidence indicates Husband is capable of earning more than $300 per week. Husband built a

successful business selling mobile homes during his marriage to Wife and has had experience in the mobile home business since he was ten years old. Further, Griggsby testified that Husband continued to sell mobile homes, campers, and pieces of real property after Husband and Wife separated. Various newspaper advertisements referencing Husband's phone number supported this testimony. In addition, Husband had several years' experience as a successful car salesman. Despite this experience, Husband claimed that he had not attempted to seek employment since December 2008 because he was caring for his ill friend. Based on this evidence, the family court properly found that Husband was underemployed. Accordingly, based on Husband's extensive and successful employment history, coupled with his admitted failure to attempt to find a job commensurate with his experience, we affirm the family court's order imputing income of $3,000 per month to him for purposes of child support.

**AFFIRMED AS MODIFIED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**