**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donna S. McAbee, Respondent,

v.

Larry W. McAbee, Appellant.

Appellate Case No. 2014-002607

Appeal From Anderson County
Harry L. Phillips, Jr., Family Court Judge

Unpublished Opinion No. 2016-UP-186
Submitted March 1, 2016 – Filed April 27, 2016

**AFFIRMED**

Matthew Alan Perkins, of Epps, Nelson, Epps & Perkins, of Anderson, for Appellant.

David James Brousseau and Sara Leslie McIntosh, of McIntosh, Sherard, Sullivan & Brousseau, of Anderson, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in valuing the paving equipment at $31,314 for equitable apportionment: *Crossland v. Crossland*, 408 S.C. 443, 455-56, 759 S.E.2d 419, 425-26 (2014) ("The division of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  As previously noted, 'the inartful use of an abuse of discretion deferential standard of review' in this context represents two underlying principles of appellate review: 'the superior position of the trial judge to determine credibility and the imposition of a burden on an appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the trial court.'  In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment.  If the end result is equitable, the fact the appellate court would have arrived at a different apportionment is irrelevant." (citations omitted) (quoting *Lewis v. Lewis*, 392 S.C. 381, 391, 709 S.E.2d 650, 655 (2011)); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) ("In making an equitable distribution of marital property, the family court must identify real and personal marital property and determine the property's fair market value.  'In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset.'  The family court has broad discretion in valuing the marital property.  A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (citations omitted) (quoting *Noll v. Noll*, 297 S.C. 190, 194, 375 S.E.2d 338, 340-41 (Ct. App. 1988)).

2.  As to whether the family court erred in granting Donna McAbee a divorce based on adultery: *McLaughlin v. McLaughlin*, 244 S.C. 265, 270, 136 S.E.2d 537, 539 (1964) ("[A] divorce will not be granted on the uncorroborated testimony of a party or the parties to the suit; however, as the main reason for the rule is to prevent collusion, it is not generally deemed inflexible and may be relaxed where it is evident that collusion does not exist."); *id.* at 271, 136 S.E.2d at 540 ("In South Carolina the rule requiring corroboration is not mandatory and the necessity of such to a large extent depends upon the facts and circumstances of each case."); *id.* ("In the absence of collusion or connivance[,] testimony of the adverse party may furnish necessary corroboration in certain instances; however, such corroboration is looked upon with suspicion if there is an absence of other corroborating testimony or circumstances.").[1]

---

[1] Larry McAbee argued for the first time on appeal that Donna McAbee condoned the adultery.  We find this argument is not preserved.  *See Washington v.*

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

*Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (finding issues not raised to the family court at trial or through a Rule 59(e), SCRCP, motion were not preserved).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.