**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth Okamura, Respondent,

v.

Carlos Aguirre, Appellant.

Appellate Case No. 2017-000017

Appeal From Pickens County
William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2019-UP-198
Submitted May 1, 2019 – Filed June 5, 2019

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

David Christopher Shea, of Shea and Barron, of
Columbia; and Ruth Hindman DiPasquale, of Ruth Law
Firm, LLC, of Greenville, both for Respondent.

**PER CURIAM:** Carlos Aguirre (Husband) appeals the family court's final
divorce order, arguing the family court erred (1) by awarding Elizabeth Okamura
(Wife) $1,500 per month in permanent periodic alimony, (2) in its imputation of
Husband's income, (3) in its valuation of the marital business for purposes of

dividing the marital property, and (4) by awarding Wife attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in its analysis and award of permanent periodic alimony to Wife:  *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *McMillan v. McMillan*, 417 S.C. 583, 590, 790 S.E.2d 216, 220 (Ct. App. 2016) ("[T]his [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations." (second and third alteration by *McMillan* court) (quoting *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014))); *Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("The appellant retains the burden to demonstrate the error in the family court's findings of fact."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies [the appellate] court that the preponderance of the evidence is against [such findings].'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))); *Butler v. Butler*, 385 S.C. 328, 336, 684 S.E.2d 191, 195 (Ct. App. 2009) ("Permanent[] periodic alimony is a substitute for support [that] is normally incidental to the marital relationship."); *Hinson v. Hinson*, 341 S.C. 574, 577, 535 S.E.2d 143, 144 (Ct. App. 2000) ("Alimony should ordinarily place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage."); *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001) (stating the family court has a duty to formulate an alimony award that is "fit, equitable, and just if the claim is well-founded"); S.C. Code Ann. § 20-3-130(C) (2014) (requiring the family court to consider the following statutory factors in making an alimony award: (1) the duration of the marriage; (2) the physical and emotional health of the parties; (3) the educational background of the parties; (4) the employment history and earning potential of the parties; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of the parties; (7) the current and reasonably anticipated expenses and needs of the parties; (8) the marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) any other factors the court considers relevant);  *Allen*, 347 S.C. at 184, 554 S.E.2d at 425 (providing "[n]o one factor is dispositive" in making an alimony award.)

2.  As to whether the family court erred in its imputation of Husband's income: *McMillan*, 417 S.C. at 590, 790 S.E.2d at 220 ("In appeals from the family court,

this [c]ourt reviews factual and legal issues de novo." (alteration in original) (quoting *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423)); *Susan R. v. Donald R.*, 389 S.C. 107, 114, 697 S.E.2d 634, 638 (Ct. App. 2010) ("Generally, the family court determines gross income for purposes of calculating [support awards] based upon the financial declarations submitted by the parties."); *id.* ("When income reflected on the financial declaration is at issue, the family court may rely on suitable documentation to verify income, such as pay stubs, employer statements, receipts, or expenses covering at least one month."); *Sanderson v. Sanderson*, 391 S.C. 249, 255, 705 S.E.2d 65, 68 (Ct. App. 2010) ("[T]he family court has the discretion to impute income to a party with respect to awards of alimony or child support."); *Messer v. Messer*, 359 S.C. 614, 629, 598 S.E.2d 310, 318 (Ct. App. 2004) ("It is well-settled in South Carolina that an award of alimony should be based on the payor spouse's earning potential rather than merely his current, reported earnings."); *Gartside v. Gartside*, 383 S.C. 35, 44, 677 S.E.2d 621, 626 (Ct. App. 2009) ("Whether termed voluntary underemployment, imputation of income, or the failure to reach earning potential, the case law is clear that when a payor spouse seeks to reduce support obligations based on his diminished income, a court should consider the payor spouse's earning capacity."); *Susan R.*, 389 S.C. at 114, 697 S.E.2d at 638 (stating it was proper for the family court to consider invoices from the husband's business for purposes of calculating his child support obligation and impute additional income to him when his financial declaration nor his income tax return reflected any income from the business or his rental property); *Abercrombie v. Abercrombie*, 372 S.C. 643 n.4, 649, 643 S.E.2d 697, 700 (Ct. App. 2007) ("Husband failed to even file a financial declaration with the family court as required by the family court rules.  Therefore, he cannot now complain that the family court improperly relied on Wife's testimony in awarding alimony.").

3.  As to whether the family court erred in its valuation of the marital business: *McMillan*, 417 S.C. at 590, 790 S.E.2d at 220 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." (quoting *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423)); *Browder v. Browder*, 382 S.C. 512, 522, 675 S.E.2d 820, 825 (Ct. App. 2009) ("In making an equitable distribution of marital property, the court must: (1) identify the marital property to be divided between the parties; (2) determine the fair market value of the property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place."); *id.* at 522-23, 675 S.E.2d at 825 (stating the family

"court has broad discretion in valuing marital property"); *King v. King*, 384 S.C. 134, 144, 681 S.E.2d 609, 614 (Ct. App. 2009) ("A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Abercrombie*, 372 S.C. at 647, 643 S.E.2d at 699)).

4.  As to whether the family court erred in its award of Wife's attorney's fees and costs:  *McMillan*, 417 S.C. at 590, 790 S.E.2d at 220 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." (alteration in original) (quoting *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423)); S.C. Code Ann. § 20-3-130(H) (2014) (providing that the family court "may order one party to pay a reasonable amount to the other for attorney['s] fees . . . incurred in maintaining an action for divorce"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (setting forth four factors the family court should consider in determining whether to award attorney's fees: "(1) the party's ability to pay his[ or ]her own attorney's fee[s];  (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee[s] on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (providing that the family court should consider six factors in determining the reasonableness of attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Spreeuw v. Barker*, 385 S.C. 45, 72-73, 682 S.E.2d 843, 857 (Ct. App. 2009) (upholding an award of attorney's fees to the mother because the father's "uncooperative conduct in discovery and his evasiveness in answering questions with respect to his financial situation" greatly contributed to the litigation costs incurred); *Anderson v. Tolbert*, 322 S.C. 543, 550, 473 S.E.2d 456, 460 (Ct. App. 1996) (requiring "the husband to reimburse the wife for attorney['s] fees she incurred due solely to his uncooperative, unreasonable, and contumacious conduct").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.