**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Annmarie Foreman, Respondent,

v.

Peter Robert Foreman, Appellant.

Appellate Case No. 2017-001852

Appeal From Chesterfield County
Michael S. Holt, Family Court Judge

Unpublished Opinion No. 2019-UP-414
Submitted December 2, 2019 – Filed December 31, 2019

**AFFIRMED**

J. Michael Taylor, of Taylor/Potterfield, of Columbia, for Appellant.

Rebecca Brown West, of Harling & West, LLC, of Lexington, for Respondent.

**PER CURIAM:** In this family court action between Annmarie Foreman (Wife) and Peter Robert Foreman (Husband), Husband appeals from the decree of divorce, arguing the family court erred in (1) relying on certain factors in awarding alimony, (2) its apportionment of the marital estate, and (3) awarding Wife

attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in relying on certain factors in awarding alimony: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (finding when an appellant raised an issue neither at trial nor through a Rule 59(e), SCRCP, motion, the issue was not preserved for appellate review).

2. As to whether the family court erred in its apportionment of the marital estate: *Stoney v. Stoney*, 422 S.C. 593, 594, 813 S.E.2d 486, 486 (2018) (per curiam) (providing that on appeal from the family court, this court reviews factual and legal issues *de novo*); S.C. Code Ann. § 20-3-630(A) (2014) (defining marital property as all real and personal property acquired by the parties during the marriage, which is owned as of the date of filing or commencement of marital litigation, regardless of how legal title is held); S.C. Code Ann. § 20-3-620(B) (2014) (providing that the family court must weigh fifteen factors "in such proportion as it finds appropriate" when making an equitable apportionment of the marital estate); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) ("In making an equitable distribution of marital property, the family court must identify real and personal marital property and determine the property's fair market value. 'In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset.'. . . A family court may accept the valuation of one party over another . . . ." (citations omitted) (quoting *Noll v. Noll*, 297 S.C. 190, 194, 375 S.E.2d 338, 340-41 (Ct. App. 1988))); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[C]onsistent with our constitutional authority for *de novo* review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact.").

3. As to whether the family court erred in awarding Wife attorney's fees: *Stoney*, 422 S.C. at 594, 813 S.E.2d at 486 (providing that this court reviews appeals from the family court using a *de novo* standard of review); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing the family court should consider four factors in deciding to award attorney's fees and costs: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[C]onsistent with our constitutional authority for *de novo*

review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.