**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephanie Collins, Respondent.

v.

Gary Collins, Appellant.

Appellate Case No. 2018-000252

———————————

Appeal From Anderson County
David E. Phillips, Family Court Judge

———————————

Unpublished Opinion No. 2021-UP-110
Heard October 13, 2020 – Filed April 7, 2021

———————————

**AFFIRMED**

———————————

James Calhoun Pruitt, Jr. and Joshua Brent Raffini, both
of Pruitt & Pruitt, of Anderson, for Appellant.

Samuel C. Weldon, of Greenville, for Respondent.

———————————

**PER CURIAM:** In this divorce action, Gary Collins (Husband) argues the family court erred in (1) assigning a value to real property that was outside of the range of competent testimony presented at trial and (2) ordering a lump sum payment that in effect required him to sell assets. Additionally, he asserts the attorney's fees awarded to Stephanie Collins (Wife) should be reviewed in light of any changes

made on appeal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in assigning a value to real property that Husband contends was outside of the range of competent testimony presented at trial: *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) (holding the appellate court reviews decisions of the family court de novo); *id.* at 385, 391, 709 S.E.2d at 651-52, 655 (noting the appellate court generally defers to the findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor); *id.* at 388-89, 709 S.E.2d at 653-54 (stating the party contesting the family court's decision bears the burden of demonstrating the family court's factual findings are not supported by the preponderance of the evidence); *Toler v. Toler*, 292 S.C. 374, 378, 356 S.E.2d 429, 432 (Ct. App. 1987) ("In making an equitable distribution of marital property, the family court must . . .  determine the fair market value of the property . . . ."); *Roe v. Roe*, 311 S.C. 471, 478, 429 S.E.2d 830, 835 (Ct. App. 1993) ("The [family] court is given broad discretion in valuing marital property."); *Abercrombie v. Abercrombie*, 372 S.C. 643, 647, 643 S.E.2d 697, 699 (Ct. App. 2007) ("[A] property owner is competent to offer testimony as to the value of his property."); *Fields v. Fields*, 342 S.C. 182, 190, 536 S.E.2d 684, 688 (Ct. App. 2000) ("The family court . . . is free to choose between competing valuations."); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) ("In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset." (quoting *Noll v. Noll*, 297 S.C. 190, 194, 375 S.E.2d 338, 340-41 (Ct. App. 1988))); *Lewis*, 392 S.C. at 393, 709 S.E.2d at 656 ("A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Pirri*, 369 S.C. at 264, 631 S.E.2d at 283)); *Teeter v. Teeter*, 408 S.C. 485, 497, 759 S.E.2d 144, 150 (Ct. App. 2014) ("In South Carolina, marital property subject to equitable distribution is generally valued at the divorce filing date.  However, the parties may be entitled to share in any appreciation or depreciation in marital assets occurring after a separation but before divorce." (quoting *Burch v. Burch*, 395 S.C. 318, 325, 717 S.E.2d 757, 761 (2011))).

2.  As to whether the family court erred in ordering a lump sum payment that Husband contends in effect required him to sell assets: *Clark v. Clark*, 430 S.C. 167, 176, 843 S.E.2d 498, 503 (2020) ("[F]lexibility must exist to allow our family court judges (and appellate courts under de novo review) discretion to fashion equitable relief under the facts and circumstances presented." (quoting *Moore v. Moore*, 414 S.C. 490, 525 n.12, 779 S.E.2d 533, 552 n.12 (2015))); *id.* at 176-77,

843 S.E.2d at 503 (providing our supreme court "value[s] flexibility in how the family court apportions the parties' marital assets"); *Murphy v. Murphy*, 319 S.C. 324, 329, 461 S.E.2d 39, 41 (1995) ("[The family court] may use any reasonable means to divide the property equitably . . . ."); *Wilburn v. Wilburn*, 403 S.C. 372, 389, 743 S.E.2d 734, 743 (2013) ("Although the order stated the lump sum payment could be satisfied through the sale of the home, it also gave Husband the option of paying Wife within ninety days presumably from other funds or the liquidation of another asset. It was Husband's choice as to how to satisfy the obligation.").

3. As to whether the attorney's fees awarded to Wife should be reviewed in light of any changes made on appeal: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**