**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Natalie M. Barfield, Respondent,

v.

Michael D. Barfield, Appellant.

Appellate Case No. 2022-000310

———————

Appeal From Horry County
Salley Huggins McIntyre, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-057
Submitted January 1, 2024 – Filed February 21, 2024

———————

**AFFIRMED**

———————

Scarlet Bell Moore, of Greenville, for Appellant.

Heather Smith von Herrmann, of Von Herrmann Law Firm, of Conway, for Respondent.

Ryan A. Stampfle, of Indigo Family Law, LLC, of Surfside Beach, as the Guardian ad Litem.

———————

**PER CURIAM:** Michael D. Barfield (Husband) appeals the family court's final order and divorce decree. On appeal, Husband argues the family court erred in (1)

valuing certain marital property and (2) awarding Natalie M. Barfield (Wife) $12,000 in attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in its valuation of Husband's 2014 Chevrolet Silverado and enclosed trailer, we find the family court's valuations were within the range of evidence presented. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 537, 863 S.E.2d 835, 838 (Ct. App. 2021) ("[T]his court may find facts in accordance with its own view of the preponderance of the evidence."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011) (holding that although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *id.* at 393, 709 S.E.2d at 656 ("The family court has broad discretion in valuing the marital property. A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006))); *Pirri*, 369 S.C. at 264, 631 S.E.2d at 283 ("In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset." (quoting *Noll v. Noll*, 297 S.C. 190, 194, 375 S.E.2d 338, 340-41 (Ct. App. 1988))); *Weller*, 434 S.C. at 538, 863 S.E.2d at 838 ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence.").

2. As to whether the family court erred in awarding Wife attorney's fees and costs, we find this issue is not preserved for appellate review because Husband failed to file a post-trial motion asking the family court to specifically address all the factors under *E.D.M. v. T.A.M.*[1] *See Alukonis v. Smith*, 431 S.C. 41, 65, 846 S.E.2d 600, 613 (Ct. App. 2020) (finding the issue of whether the family court erred by failing to address all the factors under *E.D.M.* in determining to award attorney's fees was not preserved for appellate review when the appealing party did not file a Rule 59(e) motion asking the family court to address the factors); *see also Buist v. Buist*, 410 S.C. 569, 577, 766 S.E.2d 381, 385 (2014) (finding an argument that the family court misapplied the factors under *E.D.M.* was not preserved when the appealing party's argument in his Rule 59(e) motion was not sufficiently specific).

---

[1] 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.