681 S.E.2d 609

**Velveteen Jackson KING, Respondent,**

v.

**Wendell Junius KING, Appellant.**

**No. 4565.**

Court of Appeals of South Carolina.

Heard March 17, 2009.
Decided June 16, 2009.

136

Dwight C. Moore, of Sumter, for Appellant.

Cheryl T. Hopkins, of Florence, for Respondent.

KONDUROS, J.

In this domestic action, Wendell Junius King (Husband) argues the family court erred in awarding Velveteen Jackson

King (Wife) alimony and attorney's fees because it failed to consider the applicable factors. Husband further contends the family court erred in its division of marital property by assigning no value to two vehicles, despite Wife's testimony those vehicles were worth a total of $24,000. We affirm.

## FACTS

Husband and Wife married on May 24, 1997. This was the parties' second marriage to each other. They had two children born during their first marriage, one in 1978 and the other in 1985, but none during their second marriage. In 2005, Wife filed a complaint seeking a divorce, alimony, the marital home, and the equitable division of other property. Husband filed an answer and counterclaim. At the beginning of the hearing on the matter, Wife withdrew her request for a divorce. Husband moved to supplement his pleadings to seek a divorce. However, Wife objected based on insufficient notice and after Husband conceded Wife lacked notice, the family court denied the motion.

Following the hearing, the family court issued an order awarding the Wife permanent, periodic alimony of $1,000 per month. In making that award, the court noted the marriage lasted eight years and both parties were forty-eight years old and in good health. The family court determined Husband's gross monthly income was $3,585 from Georgia Pacific and the Army Reserve, which was "significantly higher" than Wife's income of $936 a month. The court noted Wife currently worked as a housekeeper at Holiday Inn Express but was previously employed as a welder. The family court found the parties had a modest standard of living; they lived in a mobile home on land they owned. The court further found "Husband gave no reason for leaving home" and had "moved in with another woman but claim[ed] to be only a boarder in her home." The court indicated the tax consequences of a permanent, periodic alimony award were the alimony would be deductible to Husband and taxable to Wife. The court also determined "Wife's financial declaration reflects a need for assistance to be able to realize her monthly budget. The Husband's declaration reflects the ability to assist the Wife." Based on those factors, the family court awarded Wife permanent, periodic alimony of $1,000 per month.

Additionally, the family court determined although the marital home had been Wife's premarital property, the couple transmuted it into marital property. The court found the land and mobile home had a net negative value of $10,486 and apportioned it to Wife. Husband had two retirement accounts with a total value of $22,654, of which the family court found half to be marital property. The court determined, "While the Husband made the greater financial contributions, the Wife earned some outside income and was the primary homemaker doing the traditional duties normally associated with the Wife such that a 50/50% division of the marital estate is appropriate." Accordingly, the family court awarded Wife $5,663 of Husband's retirement accounts to be accomplished by a Qualified Domestic Relations Order (QDRO).

The family court also divided the parties' vehicles. The court awarded Wife the Toyota Forerunner, which Wife had valued at $9,000 and testified had a $9,000 balance remaining on it, and the Nissan Maxima, which Wife valued at $15,000 with a $15,000 balance. Additionally, the court awarded Husband his truck, which had a net value of $6,000.

The family court found the total marital estate had a net value of $6,840 and awarded each party half of that value. Because the property allocated to Wife had a negative value of $4,823 and Husband's allocation had a positive value of $11,663, the family court ordered Husband pay Wife an additional $8,243 out of his retirement accounts in the form of a QDRO.

As to attorney's fees, the family court found Wife's attorney billed her at the rate of $150 an hour, which is the fee normally charged in the locale. The family court noted Wife was represented by counsel who regularly appeared before it. The family court also found counsel obtained beneficial results for Wife; specifically, she was successful in the issues raised in her complaint, was awarded the marital residence and alimony, and successfully challenged Husband's motion to supplement the pleadings. The family court also stated it considered *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991), and *Doe v. Doe*, 370 S.C. 206, 634 S.E.2d 51 (Ct.App.2006), in arriving at its award. Although Wife's affidavit requested attorney's fees of $4,885.50, the court acknowl-

edged that figure did not take into account preparing the QDRO, which the family court ordered Wife's counsel to prepare. The court determined Husband was in a better financial position than Wife to pay attorney's fees. The court noted "[a]fter paying $1000.00 per month alimony, the net cost to the Husband will be only $747.00 per month and the Wife, after realizing the taxable alimony award will realize only $820.00 per month. The Husband will continue to have more disposable income even after the payment of alimony." Accordingly, the family court ordered Husband to contribute $5,000 to Wife's attorney's fees at a rate of $250 per month.

Husband filed a motion for reconsideration. The family court denied the motion finding the order contained sufficient findings to support alimony, equitable division, and attorney's fees and also properly valued the vehicles. This appeal followed.

### STANDARD OF REVIEW

■■■■ "On appeal from a family court order, this [c]ourt has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence." *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992). "Because the family court is in a superior position to judge the witnesses' demeanor and veracity, its findings should be given broad discretion." *Scott v. Scott*, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003). When the evidence is disputed, the appellate court may adhere to the family court's findings. *Woodall v. Woodall*, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).

### LAW/ANALYSIS

#### I. ALIMONY

■■■■ Husband argues the family court abused its discretion in awarding alimony because it failed to properly consider and weigh the statutory factors. Additionally, he contends the family court erroneously awarded alimony before determining the equitable distribution. We disagree.

■■■■ The amount to be awarded for alimony, as well as a determination of whether the spouse is entitled to alimony, is

within the sound discretion of the family court. *Smith v. Smith,* 264 S.C. 624, 628, 216 S.E.2d 541, 543 (1975); *see also Patel v. Patel,* 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("The amount of alimony is within the [family] court's sound discretion and should not be disturbed on appeal unless an abuse of discretion is shown."). An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings without evidentiary support. *Degenhart v. Burriss,* 360 S.C. 497, 500, 602 S.E.2d 96, 97 (Ct.App.2004).

■■ The family court should consider the following factors in awarding alimony:

(1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; as well as (13) other factors the court considers relevant.

*Davis v. Davis,* 372 S.C. 64, 79–80, 641 S.E.2d 446, 454 (Ct.App.2006) (citing S.C.Code Ann. § 20–3–130(C) (Supp. 2008)). "The court is required to consider all relevant factors in determining alimony." *Id.* at 80, 641 S.E.2d at 454. The South Carolina Supreme Court has held "[t]hree important factors in awarding periodic alimony are (1) the duration of the marriage; (2) the overall financial situation of the parties, especially the ability of the supporting spouse to pay; and (3) whether either spouse was more at fault than the other." *Patel,* 359 S.C. at 529, 599 S.E.2d at 121. In determining whether to award alimony and what amount and type of alimony to award, "[n]o one factor is dispositive." *Pirri v. Pirri,* 369 S.C. 258, 267, 631 S.E.2d 279, 284 (Ct.App.2006). "[A]ll of the facts and circumstances disclosed by the record should be considered. . . ." *Nienow v. Nienow,* 268 S.C. 161, 171, 232 S.E.2d 504, 510 (1977). Rule 26(a), SCRFC, provides that "[a]n order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of

fact and conclusions of law to support the court's decision." *See also Griffith v. Griffith,* 332 S.C. 630, 646, 506 S.E.2d 526, 534–35 (Ct.App.1998) (holding the family court must make specific findings of fact on the record for each of the required factors to be considered in making its decisions).

Husband asserts the family court did not consider (1) marital misconduct and fault but noted "Husband gave no reason for leaving home"; (2) the emotional condition of each spouse; (3) Husband's educational background, employment history, and earning potential; and (4) whether either spouse had a prior support obligation. The family court is only required to consider relevant factors. Husband does not point to any misconduct or fault on Wife's part. Further, although Husband and Wife had two children together during their first marriage, both were emancipated at the time of the family court's hearing. Father does not provide any support obligations the family court failed to consider. Additionally, the family court found both parties to be in "good health" and did not limit that finding to only physical health. Once again, Husband does not bring to our attention any emotional health issues the family court failed to take into account. While Husband filed a motion for reconsideration, he did not mention which of the factors the family court failed to consider, simply that the order did "not set out specific finding of fact and conclusion of law as it relates to awarded alimony and equitable division of property." Although the family court did not specify which findings corresponded with each statutory factor, it does appear the family court considered all of the relevant factors.

Additionally, Husband's contention the family court must make its equitable distribution before awarding alimony is not preserved for our review. In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court. *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.,* 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007). Husband did not object when the family court made its ruling from the bench on alimony nor did he file a Rule 59(e), SCRCP, motion making this argument once the family court issued its order. Accordingly, we find Husband's argument that the family court improperly awarded alimony before making the equitable distribution is unpreserved. Be-

cause the family court did not abuse its discretion in awarding alimony, we affirm the award.

## II. EQUITABLE DISTRIBUTION

Husband argues the family court abused its discretion in making the equitable distribution when it assigned zero value to two automobiles Wife testified were worth a combined value of $24,000. We disagree.

Marital property includes all real and personal property the parties acquired during the marriage and owned as of the date of filing or commencement of marital litigation. S.C.Code Ann. § 20–3–630(A) (Supp.2008). "The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership." *Mallett v. Mallett,* 323 S.C. 141, 150, 473 S.E.2d 804, 810 (Ct.App.1996). The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership. *Johnson v. Johnson,* 296 S.C. 289, 298, 372 S.E.2d 107, 112 (Ct.App.1988).

The division of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of that discretion. *Craig v. Craig,* 365 S.C. 285, 290, 617 S.E.2d 359, 361 (2005). The appellate court looks to the overall fairness of the apportionment. *Deidun v. Deidun,* 362 S.C. 47, 58, 606 S.E.2d 489, 495 (Ct.App.2004). If the end result is equitable, the fact that the appellate court would have arrived at a different apportionment is irrelevant. *Id.* "For purposes of equitable distribution, 'marital debt' is debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt or whether one party is legally individually liable." *Hardy v. Hardy,* 311 S.C. 433, 436–37, 429 S.E.2d 811, 813 (Ct.App. 1993). "The same rules of fairness and equity that apply to the equitable distribution of marital property also apply to the equitable division of marital debts." *Thomson v. Thomson,* 377 S.C. 613, 624, 661 S.E.2d 130, 136 (Ct.App.2008). "In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset." *Pirri,* 369 S.C. at

264, 631 S.E.2d at 283 (quoting *Noll v. Noll,* 297 S.C. 190, 194, 375 S.E.2d 338, 340–41 (Ct.App.1988)). "A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." *Abercrombie v. Abercrombie,* 372 S.C. 643, 647, 643 S.E.2d 697, 699 (Ct.App.2007).

Examining the overall distribution of property, the end result is fair. The parties did not have significant assets and had some debt. Both parties contributed to the marital estate; Husband through his income from employment and Wife through both her income and her assumption of duties as a traditional homemaker. Husband's main contention is that the family court gave the Maxima and the Forerunner both zero values, although Wife gave them a value of $15,000 and $9,000, respectively. However, Wife also testified both of the vehicles had debt equal to their value. Husband provided no testimony or evidence the vehicles' values were not as Wife provided. Because the family court's valuation of the vehicles was equal to Wife's valuation, the family court did not abuse its discretion. Further, even though Wife received assets to make up the difference, she actually received more debt than Husband. Because the overall distribution appears fair, we affirm the family court's equitable distribution.

## III.  ATTORNEY'S FEES

Husband argues the family court abused its discretion in awarding attorney's fees because it failed to properly consider and weigh the statutory factors. We disagree.

The family court has discretion in deciding whether to award attorney's fees, and its decision will not be overturned absent an abuse of discretion. *Donahue v. Donahue,* 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989). An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings lacking evidentiary support. *Degenhart,* 360 S.C. at 500, 602 S.E.2d at 97. In deciding whether to award attorney's fees, the family court should consider: (1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living. *Patel,* 359 S.C. at 533, 599 S.E.2d at 123. In determining reasonable attorney's

fees, the six factors the family court should consider are: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services." *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

Husband argues the family court failed to consider the nature, extent, and difficulty of the case or the time necessarily devoted to the case. However, the family court referenced Wife's attorney's affidavit and also the fact that the attorney would also be preparing the QDRO in addition to the time the affidavit took into account. Further, Husband did not object to the affidavit or cross-examine counsel on it. We believe the family court considered the applicable factors as evidenced by the record and its reference to *Glasscock*. Accordingly, we affirm the award of attorney's fees.

## CONCLUSION

The determination of alimony, equitable distribution, and attorney's fees are all left to the family court's discretion. Although the family court did not specifically list all of the factors for each determination, the order indicates it considered all the relevant factors. Further, the overall equitable distribution is fair. Accordingly, the family court's order is

**AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.