THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Martha Sue
 Payne, Respondent,
 v.
 Mary Patterson, Appellant.
 
 
 

Appeal From Greenville County
 Wayne M. Creech, Family Court Judge
Unpublished Opinion No. 2010-UP-257
Submitted April 1, 2010  Filed April 26,
 2010    
AFFIRMED

 
 
 
 Kimaka  Nichols-Graham, of Greenville, for Appellant.
 James  O'Connell, of Easley, for Respondent.
 
 
 

PER CURIAM:  Mary
 Patterson appeals a family court order finding her in criminal contempt for
 violating a visitation order.  Patterson argues the family court abused its
 discretion when it sentenced Patterson to twenty-four hours' imprisonment for
 willfully interfering with Martha Sue Payne's visitation.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:    
1. As
 to whether the family court abused its discretion because the language of the
 order was vague and contradictory:  Charleston County Dep't
 of Soc. Servs. v. Jackson, 368
 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (noting to preserve an
 issue for appellate review, the issue cannot be raised for the first time on
 appeal, but must have been raised to and ruled upon by the family court).
2.  As to whether the family court abused its discretion because
 the violation was not willful:  King
 v. King, 384 S.C. 134, 140, 681
 S.E.2d 609, 612 (Ct. App. 2009) ("Because the family court is in a superior position to judge the witnesses' demeanor and veracity, its findings should
 be given broad discretion.");  Miller
 v. Miller, 375 S.C. 443, 457, 652 S.E.2d 754, 761 (Ct. App. 2007) ("Intent
 for purposes of criminal contempt is subjective, not objective, and must
 necessarily be ascertained from all the acts, words, and circumstances
 surrounding the occurrence.").  
AFFIRMED.
PIEPER, J., GEATHERS, J., and CURETON, A.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.