**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Estate of John S. Cathcart, Appellant,

v.

Mary Frances Cathcart, Respondent.

Appellate Case No. 2011-197846

———————————

Appeal From Richland County
Dorothy Mobley Jones, Family Court Judge

———————————

Unpublished Opinion No. 2013-UP-131
Heard October 17, 2012 – Filed April 3, 2013

———————————

**AFFIRMED**

———————————

Spencer Andrew Syrett and Richard G. Whiting, both of Columbia, for Appellant.

Stephen R. Fitzer, of Columbia, for Respondent.

———————————

**PER CURIAM:** In this action for separate support and maintenance, the Estate of John S. Cathcart (Estate) appeals the family court's order, arguing the family court erred in (1) determining any portion of SCANA stock titled to Mary Frances Cathcart (Wife) was not marital property; (2) apportioning to Wife all of the property owned by Wife at the time of filing of the action; (3) failing to award

retroactive alimony to John S. Cathcart (Husband) until his death; and (4) failing to award Estate attorney's fees. We affirm.

1.      Estate's contention the family court erred in determining that any portion of the SCANA stock was not marital property is not preserved for review.  "In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court."  *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009); *see also Barrow v. Barrow,* 394 S.C. 603, 615, 716 S.E.2d 302, 309 (Ct. App. 2011) (noting an issue is not preserved for appellate review where it is not addressed in the family court's order, and the party fails to raise it in a Rule 59(e), SCRCP motion); *Cowburn  v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) (holding, when a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal, and finding, even though the trial transcript included a discussion of the issue on appeal, the issue was not preserved where the trial court did not rule on it).  The family court's final order makes several findings concerning the SCANA stock; however, it never makes a finding about whether it is or is not marital property.  Contrary to the assertion in its appellate brief, Estate never requested a ruling in its motion for reconsideration about whether the SCANA stock was marital property, never asserted any error in the court's failure to make a finding regarding whether any or all of the stock was marital, and never requested the court clarify its finding in this regard.  Neither was the argument made by Estate on appeal argued at the motion for reconsideration.

2.      After de novo review, we found the trial court did not err in apportioning to Wife all of the property owned by Wife, and apportioning to Estate all of the property owned by Husband.  Section 20-3-630(A) of the South Carolina Code defines marital property as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation. . . .," excluding, among other things, property acquired prior to the marriage and property received as inheritance or gift from a party other than the spouse.  S.C. Code Ann. §20-3-630(A) (Supp. 2012).  The family court has discretion to decide what weight to assign various factors considered for equitable apportionment and, on review, this court's role is to examine the fairness of the overall apportionment.  *Sanders v. Sanders,* 396 S.C. 410, 418-19, 722 S.E.2d 15, 19 (Ct. App. 2011).  This court will affirm the family court if it can determine the family court addressed the factors under the apportionment of marital property statute sufficiently for this court to conclude it was cognizant of the factors.  *Jenkins v. Jenkins*, 345 S.C. 88, 100, 545 S.E.2d 531,

537 (Ct. App. 2001). Here, the record shows the family court sufficiently addressed the factors under the apportionment of marital property statute.

Additionally, as noted by the family court, our courts have recognized exceptional circumstances may make it appropriate to not divide certain property acquired during a marriage where the parties cease to contribute to the joint enterprise. "Equitable distribution is based on a recognition that marriage is, among other things, an economic partnership," and "[u]pon dissolution of the marriage, property accumulated during the marriage should be divided and distributed in a manner which fairly reflects each spouse's contribution to its acquisition, regardless of which spouse holds legal title." *Walker v. Walker*, 295 S.C. 286, 288, 368 S.E.2d 89, 90 (Ct. App. 1988). "The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner which fairly reflects each spouse's contribution to the economic partnership and also the relative effects of ending that partnership on each of the parties," and "[t]he family court has wide discretion in determining the contributions made by each spouse to the marital property." *LaFrance v. LaFrance*, 370 S.C. 622, 652, 636 S.E.2d 3, 19 (Ct. App. 2006), *overruled in part on other grounds by Arnal v. Arnal*, 371 S.C. 10, 13 n.4, 636 S.E.2d 864, 866 n.4 (2006). In *Wannamaker v. Wannamaker*, this court found a lengthy separation of the parties prior to the institution of marital litigation was a special consideration to be factored into the court's determination of equitable distribution. 305 S.C. 36, 41, 406 S.E.2d 180, 183 (Ct. App. 1991). There, we stated as follows:

> While we recognize the rule that a spouse need not prove that he or she made a material contribution to the acquisition of particular property in order to be entitled to an equitable interest in it, we hold in this case that the special circumstances of the long separation of the parties before institution of marital litigation must be factored in as a special consideration.

*Id.* at 41, 406 S.E.2d at 183. Accordingly, we find the wife should not be apportioned an interest in the husband's medical practice, where the husband did not begin the practice until eight years after the parties separated and the wife contributed nothing to its acquisition or appreciation in value. *Id.* Although marital property generally includes all property acquired by either party prior to the date marital litigation is filed, this case presents a unique situation because the parties were separated for nearly thirty years before instituting marital litigation. Here, the family court found Wife owned SCANA stock and four real estate

properties at the time the action was filed, and all of the real estate owned by Wife was either owned prior to the marriage, was inherited after the separation, or was purchased with Wife's own funds post-separation, and none of these properties were transmuted. Estate does not challenge these findings. Thus, these real estate properties were non-marital. S.C. Code Ann. § 20-3-630 (Supp. 2012). The remaining property owned by Wife at the time this action was filed was SCANA stock. Wife's testimony indicates she acquired much of her SCANA stock through her own efforts and gifts from her mother, as well as through stock splits and reinvestment of dividends. Though there is evidence Husband transferred to Wife's account some SCANA stock previously held in his name and some held jointly by Husband and Wife, and Husband additionally gave Wife money from time to time which may have been used by Wife to purchase SCANA stock, the evidence concerning these contributions by Husband are negligible in comparison to the total SCANA stock held by Wife at the time of filing. Additionally, as noted by the family court, Husband never attempted to make any claim to the SCANA stock, but apparently was satisfied with the financial arrangement between him and Wife, and Husband's consistent behavior throughout the years of lengthy separation demonstrated Husband's intent concerning the division of their assets. After reviewing the entire record and in consideration of the special circumstance of a separation spanning over thirty years during which time there was no longer an economic partnership between Husband and Wife, we find Estate has failed to meet its burden of convincing us the family court's determination in this regard was in error.

3.    We find Estate's argument that the family court erred in failing to award retroactive alimony from the date of filing to the date of Husband's death is not preserved. "In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court." *King*, 384 S.C. at 142, 681 S.E.2d at 614. During the hearing, the family court declined to rule on whether it could award retroactive alimony to Estate after Husband was deceased. Following the hearing, both parties submitted memoranda arguing their respective positions. In its final order, the family court stated, "Plaintiff, now deceased, has no need for support." Although it denied alimony, it did not specifically rule on the issue of whether a court can award retroactive alimony to a deceased party. Estate did not raise the issue of retroactive alimony in its motion for reconsideration. However, it attempted to raise it at the reconsideration hearing, and Wife objected, arguing it was not raised in the motion. Estate conceded, noting the exceptions set forth in its motion for reconsideration were geared more toward equitable division and stating "I think [Wife] is correct. I'm not saying that we are asking the Court to now today award retroactive alimony." The family court did not rule on this issue, stating

Estate withdrew the request for alimony after Wife objected based on preservation. Accordingly, this issue is not preserved. *See also TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

4.      As to Estate's assertion the family court erred in failing to award attorney's fees, Estate concedes that if this court affirms the family court's order, the denial of attorney's fees would be appropriate. Because we affirm the family court order, there is no basis for reversal of the family court's order concerning attorney's fees.

5.      Given our affirmance of the issues raised by Estate, we need not reach Wife's additional sustaining ground.

For the foregoing reasons, the order of the family court is

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**