**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anand B. Patel, Appellant,

v.

Nalini R. Patel, Respondent.

Appellate Case No. 2012-212206

_____

Appeal From Dillon County
Roger E. Henderson, Family Court Judge

_____

Unpublished Opinion No. 2013-UP-260
Submitted May 1, 2013 – Filed June 19, 2013

_____

**AFFIRMED**

_____

Anand B. Patel, of Anaheim, CA, pro se.

H. Lee Herron and Kalpana Patel Fraley, both of Herron & Fraley, LLC, of Florence; and W. Barry Bland, of W. Barry Bland, Attorney at Law, LLC, of Spartanburg, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in not terminating Appellant's alimony obligation: S.C. Code Ann. § 20-3-130(C) (Supp. 2012) (listing the factors the family court must consider in awarding alimony); *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 613 (Ct. App. 2009) ("The family court is only required to consider relevant [alimony] factors."); *Bodkin v. Bodkin*, 388 S.C. 203, 215, 694 S.E.2d 230, 237 (Ct. App. 2010) ("The amount to be awarded for alimony, as well as a determination of whether a spouse is entitled to alimony, is within the sound discretion of the family court."); *id.* (indicating an abuse of discretion does not occur absent legal error or factual findings without evidentiary support).

2. As to whether the family court denied Appellant equal protection: *Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

3. As to whether the family court erred in not making Appellant's alimony reduction retroactive to January 1, 2011, instead of January 1, 2007: S.C. Code Ann. § 20-3-130(C) (Supp. 2012) (listing the factors the family court must consider in awarding alimony); *King*, 384 S.C. at 142, 681 S.E.2d at 613 ("The family court is only required to consider relevant [alimony] factors."); *Bodkin*, 388 S.C. at 215, 694 S.E.2d at 237 ("The amount to be awarded for alimony, as well as a determination of whether a spouse is entitled to alimony, is within the sound discretion of the family court."); *id.* (indicating an abuse of discretion does not occur absent legal error or factual findings without evidentiary support).

4. As to whether the family court erred in declining to award attorney's fees and costs: *Doe v. Doe*, 370 S.C. 206, 220, 634 S.E.2d 51, 59 (Ct. App. 2006) ("The same considerations that apply to awarding attorneys' fees also apply to awarding litigation expenses."); *Bennett v. Rector*, 389 S.C. 274, 284, 697 S.E.2d 715, 720 (Ct. App. 2010) ("The family court has discretion in deciding whether to award attorney's fees, and its decision will not be overturned absent an abuse of discretion. An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings lacking evidentiary support." (internal citation omitted)); *McComb v. Conard*, 394 S.C. 416, 425, 715 S.E.2d 662, 666 (Ct. App. 2011) ("In deciding whether to award attorney's fees, the family court should consider[:] (1) each party's ability to pay his or her own fee; (2) the

beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living.").

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.