**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Susan Brown, Appellant,

v.

Eric Brown, Respondent.

Appellate Case No. 2011-190429

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2014-UP-065
Submitted November 1, 2013 – Filed February 12, 2014

**AFFIRMED**

James H. Moss, of Moss Kuhn & Fleming, P.A., of Beaufort, for Appellant.

Eric Brown, of Beaufort, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in valuating 1719 Market, LLC: S.C. Code Ann. § 20-3-620(B) (2014) (listing the factors the family court must consider in equitably apportioning a marital estate); *Lewis v. Lewis*, 392 S.C. 381, 393, 709

S.E.2d 650, 656 (2011) ("'The family court has broad discretion in valuing the marital property. A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented.'" (quoting *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006))); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this [c]ourt complaining of the insufficiency of the evidence to support the family court's findings.").

2. As to whether the family court erred in declining to award Appellant alimony: S.C. Code Ann. § 20-3-130(C) (2014) (listing the factors the family court must consider in awarding alimony); *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 613 (Ct. App. 2009) ("The family court is only required to consider relevant [alimony] factors."); *id.* at 140-41, 681 S.E.2d at 613 (providing the family court does not err in determining whether to award alimony when its decision is based on factual findings with evidentiary support).

3. As to Appellant's remaining issues: *DiMarco v. DiMarco*, 399 S.C. 295, 301, 731 S.E.2d 617, 620 (Ct. App. 2012) (stating an issue is deemed abandoned and will not be considered on appeal if the appellant raises the argument in his or her brief but does not support it with any authority); *id.* (declining to address the appellant's argument on the merits because he "failed to cite any case law or authority to support his argument, and therefore . . . abandoned [it] on appeal"); *Butler v. Butler*, 385 S.C. 328, 343, 684 S.E.2d 191, 199 (Ct. App. 2009) (holding the appellant's issues were abandoned because he cited no statutes, rules, or cases in support of his arguments).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.