**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brigette Hemming, Respondent,

v.

Jeffrey Hemming, Appellant.

Appellate Case No. 2020-001238

Appeal From Lexington County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No. 2023-UP-283
Submitted March 1, 2023 – Filed August 2, 2023

**AFFIRMED**

Jeffrey Hemming, of Lexington, pro se.

John Calvin Bradley, Jr. and William Benito Fortino, both of Moore Bradley Myers Law Firm, of West Columbia, for Respondent.

**PER CURIAM:** In this domestic matter, Jeffrey Hemming (Husband), pro se,[1] argues the family court erred in (1) apportioning the marital estate and (2) failing to award him attorney's fees and costs. We affirm.[2]

1. We find the family court did not err in apportioning the marital estate. "The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership." *Johnson v. Johnson*, 296 S.C. 289, 293, 372 S.E.2d 107, 109 (Ct. App. 1988). Subsection 20-3-620(B) of the South Carolina Code (2014) enumerates fifteen factors for the family court to consider when equitably apportioning the marital estate, including the duration of the marriage, marital misconduct of the parties, the contributions made to the marriage by each spouse, retirement benefits, and any tax consequences. "These criteria are intended to guide the family court in exercising its discretion over apportionment of marital property." *Bojilov v. Bojilov*, 425 S.C. 161, 183, 819 S.E.2d 791, 803 (Ct. App. 2018). "How the individual factors are weighed depends on the facts of each case." *Johnson*, 296 S.C. at 299, 372 S.E.2d at 113. "The statute vests in the [family court], not the appellate court, the discretion to decide what weight should be assigned to the various factors." *Id.* at 299–300, 372 S.E.2d at 113. "The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership." *King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009).

"The appellate court looks to the overall fairness of the apportionment." *Id.* "If the end result is equitable, the fact that the appellate court would have arrived at a different apportionment is irrelevant." *Id.* "In this review, our focus is on whether

---

[1] Husband was previously represented by counsel prior to this appeal.

[2] On appeal from the family court, this court reviews factual and legal issues de novo, with the exceptions of evidentiary and procedural rulings. *Stone v. Thompson*, 428 S.C. 79, 91–92, 833 S.E.2d 266, 272 (2019); *see also Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018). Therefore, this court may find facts in accordance with its own view of the preponderance of the evidence. *Posner v. Posner*, 383 S.C. 26, 31, 677 S.E.2d 616, 619 (Ct. App. 2009). However, this broad scope of review does not prevent this court from recognizing the family court's superior position to evaluate witness credibility and assign comparative weight to testimony. *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011). Moreover, the appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence. *Posner*, 383 S.C. at 31, 677 S.E.2d at 619.

the family court addressed the statutory factors governing apportionment with sufficiency for us to conclude that the court was cognizant of these factors." *Pirayesh v. Pirayesh*, 359 S.C. 284, 300, 596 S.E.2d 505, 514 (Ct. App. 2004).

In its order, the family court noted that equitable distribution was the primary issue contested by the parties, stating "a significant portion of the testimony and evidence introduced at trial was directed at the marital estate and the inclusion or exclusion of various asset values, debts and potential liabilities." Although neither party presented any expert testimony, each "introduced very detailed exhibits itemizing their positions." After carefully considering the statutory factors, testimony, and exhibits, the family court held an equal division of the marital assets and debts, excluding Husband's tax liability, was equitable. In its order, the family court clearly considered each factor and detailed its findings with tables delineating the division for all assets and debts of the marital estate.

Husband makes various arguments challenging the family court's apportionment of the marital estate, including the allocation of marital debts, division of the marital residence, and incurred tax liability. We address each argument in turn.

Tax Liability

We find the family court did not err in allocating any incurred tax liability from the 2017 Fidelity IRA withdrawals to Husband. During the hearing, Wife testified she was not aware Husband had made the withdrawals until she received discovery in February 2018. Husband corroborated this testimony and admitted Wife did not have knowledge of those particular withdrawals. Husband also failed to present evidence showing the liquidated retirement funds benefited the marriage. Thus, we agree with the family court that Husband's withdrawals substantially diminished the marital estate prior to filing and Wife received no benefit from those withdrawals. Accordingly, it was equitable to allocate any incurred tax liability from the 2017 withdrawals to Husband. *See Pirayesh*, 359 S.C. at 300, 596 S.E.2d at 514 ("Marital debt should be divided in accord with the same principles used in the division of marital property and must be factored into the totality of equitable apportionment.").

Marital Debts

In reviewing the record, we see no reason to disturb the family court's allocation of the marital debts. The evidence shows both spouses had a habit of accruing substantial debt to fund their lifestyle. Further, the family court's order clearly

conveys its consideration of the statutory factors in making its allocation. Thus, we affirm the family court on this issue. *See King*, 384 S.C. at 143, 681 S.E.2d at 614 ("The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership."); *id.* ("The appellate court looks to the overall fairness of the apportionment."); *Pirayesh*, 359 S.C. at 300, 596 S.E.2d at 514 ("In this review, our focus is on whether the family court addressed the statutory factors governing apportionment with sufficiency for us to conclude that the court was cognizant of these factors.").

Marital Residence

We also affirm the family court's allocation of the marital residence. As evidenced by the detailed order, the family court weighed all the relevant factors when distributing the marital estate as a whole. We find Husband has failed to show that an equal division of the marital residence was not equitable or that the family court failed to weigh the required factors. *See Johnson*, 296 S.C. at 293, 372 S.E.2d at 109 ("The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership."); § 20-3-620(B) (enumerating fifteen factors to be considered by the family court in making equitable distribution determinations); *Johnson*, 296 S.C. at 299–300, 372 S.E.2d at 113 ("The statute vests in the [family court], not the appellate court, the discretion to decide what weight should be assigned to the various factors."); *King*, 384 S.C. at 143, 681 S.E.2d at 614 ("The appellate court looks to the overall fairness of the apportionment."); *id.* ("If the end result is equitable, the fact that the appellate court would have arrived at a different apportionment is irrelevant.").

2. Because we affirm the equitable distribution of the family court, we also affirm the holdings as to attorney's fees and costs. *See Weller v. Weller*, 434 S.C. 530, 543, 863 S.E.2d 835, 841–42 (Ct. App. 2021) (affirming the family court's award of attorney's fees when affirming the other findings challenged on appeal). Further, we find the family court appropriately considered the relevant factors, and its denial of attorney's fees and costs to Husband comports with the rest of its findings in the case.

**AFFIRMED.**[3]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.