**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kristie L. Taylor, Quinton Hooks, and George Cleveland, III, Defendants,

Of whom Kristie L. Taylor and George Cleveland, III are Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000494

Appeal From Anderson County
Karen F. Ballenger, Family Court Judge

Unpublished Opinion No. 2023-UP-300
Submitted August 16, 2023 – Filed August 23, 2023

**AFFIRMED**

George C. Cleveland, III, of Townville, pro se.

Kristie L. Taylor, of Anderson, pro se.

Robert C. Rhoden, III, of South Carolina Department of Social Services, of Spartanburg, for Respondent.

John Marshall Swails, Jr., of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:**  George Cleveland, III (Father), and Kristie L. Taylor (Mother; collectively, Parents) appeal a merits and permanency planning order granting the South Carolina Department of Social Services (DSS) custody of three minor children (Children) who were removed from Mother's care.  We affirm pursuant to Rule 220(b), SCACR.

"In appeals from the family court, [the appellate court] reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  However, the "*de novo* standard of review does not relieve an appellant from demonstrating error in the trial court's findings of fact." *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011).

1.  As to Parents' issues I, II, III, IX, and X, we hold a preponderance of the evidence supports the family court's finding that Parents placed Children at a substantial risk of physical abuse as a result of witnessing incidents of domestic violence between them.  *See S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 744 S.E.2d 591 (Ct. App. 2013) (stating an appellate court will affirm a factual finding by the family court unless the appellant demonstrates the preponderance of the evidence is against the finding).  During the merits hearing, Mother had a visible injury to her eye.  She also admitted she had physical altercations with Father, Father hit her with an open hand, and Father damaged her property.  Furthermore, two DSS employees involved in the case testified without objection that one of the children reported she witnessed physical altercations between Father and Mother.

2.  As to Parents' Issue IV, concerning the performance of Mother's trial counsel, we hold none of the arguments presented in their brief on this question were raised to the family court either during the merits hearing or in their motion to alter or amend the family court order.  Accordingly, we hold this issue is not preserved for appellate review.  *See Bodkin v. Bodkin*, 388 S.C. 203, 219, 694 S.E.2d 230, 239 (Ct. App. 2010) ("When the family court does not rule on an issue presented to it, the issue must be raised by a post-trial motion to be preserved for appeal.").

3.  As to Parents' Issue V, which concerns the adequacy of various orders issued by the family court, we hold the orders included sufficient findings of fact to enable appellate review; therefore, Parents have not carried their burden to show the family court erred in its findings.  *See* Rule 26(a), SCRFC ("An order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the court's decision."); *Reed v. Pieper*, 393 S.C. 424, 429, 713 S.E.2d 309, 312 (Ct. App. 2011) ("The burden is upon the appellant to convince this court that the family court erred in its findings."); *Divine v. Robbins*, 385 S.C. 23, 33-34, 683 S.E.2d 286, 291 (Ct. App. 2009) (noting the deference owed to the family court when its findings and conclusions are supported by the record).  We note the family court specifically found (1) two witnesses testified without objection that at least one of the children reported she witnessed Father hit Mother; (2) Mother testified about several domestic violence incidents between her and Father; (3) Mother acknowledged she often called the police to settle disputes between Father and herself; (4) Mother allowed Father to come to her home despite a no trespass notice; (5) Parents had a turbulent relationship, and many of their altercations happened in Children's presence; and (6) at the December 10, 2021 hearing, Mother's eye was clearly injured and her explanation regarding the injury was not credible.  It is evident from these findings that the family court considered all the evidence submitted but addressed only the evidence that was relevant to the issue of whether Children were at risk of harm.  *See King v. King*, 384 S.C. 134, 141-42, 681 S.E.2d 609, 613-14 (Ct. App. 2009) (affirming a family court order because the order indicated the family court considered all the relevant factors even though not all of them were specifically listed).

4.  As to Parents' Issue VI, regarding the admission of a photograph showing Mother with a black eye, we hold this issue was not preserved for our review. When DSS sought to have the photograph admitted as an exhibit, Father objected on the grounds of unfair prejudice under Rule 403 of the South Carolina Rules of Evidence, lack of authentication, the absence of a date on the photograph, and relevance, but never raised the argument Parents put forth on appeal, i.e., that DSS's allegedly unexpected request to have the photograph admitted into evidence deprived him of the opportunity to verify its authenticity.  *See Buist v. Buist*, 410 S.C. 569, 575, 766 S.E.2d 381, 384 (2014) ("If [a] party is not reasonably clear in his objection to [a] perceived error, he waives his right to challenge the erroneous ruling on appeal."); *McLeod v. Starnes*, 396 S.C. 647, 657, 723 S.E.2d 198, 204 (2012) ("A party may not argue one ground at trial and an alternate ground on appeal." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003))).

5.  As to Parents' Issue VII, regarding the family court's alleged reliance on Mother's testimony regarding an out-of-court statement made by one of the children, we note Mother ultimately denied hearing the statement.  Therefore, even if the family court should not have allowed DSS to question Mother about what she allegedly heard the child say, her response to the question did not prejudice either Father or herself.  *See Conway v. Charleston Lincoln Mercury Inc.*, 363 S.C. 301, 307, 609 S.E.2d 838, 842 (Ct. App. 2005) ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice.").

6.  As to Parents' Issue VIII, that the family court should have granted Father a mistrial based on DSS's decision to call Mother as a witness without advance notice to the other parties in the case, we hold this issue was not preserved for review.  Father failed to make a contemporaneous objection before Mother was sworn as a witness or began answering questions; therefore, this issue is not preserved for appeal.  *See Keene v. CNA Holdings, LLC*, 426 S.C. 357, 381, 827 S.E.2d 183, 196 (Ct. App. 2019) (stating if a party fails to make a timely objection, that objection cannot be "later bootstrapped by a motion for a mistrial" (quoting *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981))).

7. As to Parents' Issue IX, that the family court lost subject matter jurisdiction to conduct hearings and issue orders in this action because of a delay in the completion of the merits hearing, we hold the family court's alleged failure to adhere to statutory deadlines did not deprive it of jurisdiction over the case.  *See S.C. Dep't of Soc. Servs. v. Meek*, 352 S.C. 523, 530, 575 S.E.2d 846, 849 (Ct. App. 2002) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (quoting *Pierce v. State*, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000))); *id.* at 532, 575 S.E.2d at 850 (holding that notwithstanding statutory deadlines for scheduling and completing merits hearings in abuse and neglect cases, "nothing purports to remove jurisdiction over [an] abuse and neglect case if the hearing is not held within these time limits").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.