**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith Renado Byrd, Appellant,

v.

Rebecca Mitchell Byrd, Respondent.

Appellate Case No. 2023-000594

---

Appeal From Orangeburg County
Michelle M. Hurley, Family Court Judge

---

Unpublished Opinion No. 2026-UP-113
Submitted February 18, 2026 – Filed March 11, 2026

---

**REVERSED AND REMANDED**

---

Glenn Walters, Sr., of Glenn Walters & Associates, PA, of Orangeburg; and Scarlet Bell Moore, of Greenville, both for Appellant.

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Respondent.

---

**PER CURIAM:** Keith Renado Byrd (Husband) appeals the family court's final order in a divorce action he filed against Rebecca Mitchell Byrd (Wife) seeking additional relief, including equitable distribution of marital property. On appeal, Husband argues the family court erred in its determination of equitable distribution

by failing to (1) identify marital and separate property and (2) assign values to the assets and debts of the marital estate. Consequently, he contends the family court erred in failing to recognize the marital residence was his separate property and awarding it to Wife. Additionally, Husband avers the family court erred in awarding Wife attorney's fees when he was "falsely accused" of being uncooperative during litigation, and the award of attorney's fees to Wife was only justified by the erroneous award of the marital residence to Wife. We reverse and remand this matter to the family court for further proceedings pursuant to Rule 220(b), SCACR.

As to whether the family court erred in its equitable distribution award, we hold the family court failed to make requisite findings distinguishing marital property from nonmarital property and identifying the fair market value of the marital property. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); S.C. Code Ann. § 20-3-620(B) (2019) (requiring the family court to "give weight in such proportion as it finds appropriate" to fifteen factors in apportioning marital property, including "the value of the marital property," "the nonmarital property of each spouse," and "liens and any other encumbrances upon the marital property, which themselves must be equitably divided . . . and any other existing debts incurred by the parties or either of them during the course of the marriage"); *Buist v. Buist*, 399 S.C. 110, 118, 730 S.E.2d 879, 883 (Ct. App. 2012) ("Utilizing [the] fifteen factors [set forth in § 20-3-620(B)], the family court must: (1) identify the marital property to be divided between the parties; (2) determine the fair market value of the property; (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place."), *aff'd as modified*, 410 S.C. 569, 766 S.E.2d 381 (2014); *Wooten v. Wooten,* 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution."); *Buist*, 399 S.C. at 118, 730 S.E.2d at 883 (reversing the family court's distribution of marital property and remanding the issue when the family court "did not identify all the parties' marital property, but instead selectively divided certain real and personal property without determining the fair market value of all the property"). Here, in our review of the family court's order and the record on appeal, we find the family court failed to make appropriate findings as to whether the marital residence was marital property, whether several loans acquired during the marriage constituted marital debt, the fair market value of all marital

property, and the parties' contributions to the acquisition of the marital property. Because the family court's order and the record on appeal do not identify the value of the marital estate, this court is unable to determine the fairness of the overall equitable distribution of the marital estate on appeal. *See Smith v. Smith*, 425 S.C. 119, 139, 819 S.E.2d 769, 779 (Ct. App. 2018) ("The ultimate goal of [equitable] apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership." (alteration in original) (quoting *King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009))). Therefore, we reverse the family court's order regarding equitable distribution of the marital estate and remand to the family court to (1) determine whether the marital residence was marital property, whether the loans acquired during the marriage constituted marital debt, the fair market value of all marital property, and the parties' contributions to the acquisition of the marital property; and (2) fairly apportion the marital estate.

We remand the issue of attorney's fees to the family court, as we are constrained to do based upon our reversal of the equitable distribution award. *See Crossland v. Crossland*, 408 S.C. 443, 460, 759 S.E.2d 419, 428 (2014) ("Where beneficial results in a divorce action are reversed on appeal, the case should be remanded for reconsideration of attorney's fees awarded.").

**REVERSED AND REMANDED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.